UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD MAYFIELD,

    Plaintiff,

v.                                   Case No. 22-CV-219

THE DIRECTOR OF THE DEPARTMENT OF
WORKFORCE DEVELOPMENT and SKINNY LABS, INC.,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT

Howard Mayfield filed a *pro se* complaint against the State of Wisconsin's Department of Workforce Development ("DWD") and his former employer, Skinny Labs, Inc., challenging the denial of unemployment benefits. (Docket # 1.) Mayfield also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*) and for the appointment of counsel. (Docket # 2 and Docket # 3.) While I find Mayfield indigent for purposes of the *in forma pauperis* statute, because I find that Mayfield's complaint fails to state a claim on which relief may be granted, I recommend that the complaint be dismissed without prejudice.[1]

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his motion to proceed without prepayment of the filing fee, Mayfield states that he is unemployed and homeless, and is currently staying in a homeless shelter. (Docket # 3.) Mayfield reports no assets or expenses. (*Id.*) Based on the information provided in Mayfield's motion, I am satisfied that he is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Mayfield's complaint is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To determine

2

whether Mayfield has failed to state a claim, I must give his *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his complaint, Mayfield alleges that on October 1, 2021, he filed for unemployment through the Wisconsin DWD, but was denied benefits because he did not make enough money. (Docket # 1 at 2.) Mayfield alleges that his former employer, Skinny Labs, incorrectly reported his amount of income to the DWD. (*Id.*) Mayfield alleges that Skinny Labs and the Wisconsin DWD acted in collusion to deny him benefits. (*Id.* at 3.)

Mayfield requests relief that this Court cannot give. Unemployment benefits are administered by the State of Wisconsin, not the federal government. As such, if Mayfield wishes to appeal the denial of his application for unemployment benefits, he must pursue his state administrative remedies. After exhaustion of his administrative remedies, Wisconsin law allows for appeal of the administrative decision to the Wisconsin circuit court. *See* Wis. Stat. § 108.09(7). The Wisconsin DWD's website contains information to assist *pro se* claimants with their unemployment appeals.[2]

For these reasons, even liberally construing the complaint, I do not find that Mayfield has stated any cognizable claims. Thus, I recommend the complaint be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED**. His motion for appointment of counsel (Docket # 2) is **DENIED**.

---

[2] *See* https://dwd.wisconsin.gov/dwd/publications/ui/legalhelp.htm.

**FURTHER, IT IS RECOMMENDED** that plaintiff's complaint be dismissed without prejudice and the case be dismissed.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 24th day of February, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge